UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CATHERINE KEENAN,

                Petitioner,

                                            DECISION AND ORDER
v.                                        06-CV-103A
                                            05-CR-91A

UNITED STATES OF AMERICA,

                Respondent.

---

**INTRODUCTION**

        On March 30, 2005, petitioner Catherine Keenan waived indictment and pled guilty to a one-count information charging her with aiding another person to file a false federal income tax return, in violation of 26 U.S.C. § 7206(2). On August 26, 2005, she was sentenced principally to a term of imprisonment of 12 months and one-day. She did not appeal.

        On February 16, 2006, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct her sentence. On March 16, 2006, the government moved to dismiss petitioner's § 2255 motion. On April 21, 2006, petitioner filed a reply.

        For the reasons stated, the Court denies petitioner's § 2255 motion.

**DISCUSSION**

Petitioner asserts three grounds for relief in her § 2255 motion: (1) ineffective assistance of counsel; (2) her family circumstances; and (3) her need for medical treatment.  Petitioner is procedurally barred, however, from obtaining such relief.

In ¶ 12 of petitioner's plea agreement, the parties agree that petitioner's sentencing range under the United States Sentencing Guidelines would be 12 to 18 months.  In ¶ 19 of the plea agreement, petitioner waived any right to appeal or collaterally attack any sentence imposed by the Court that fell within the 12 to 18 month range.  At the time of petitioner's guilty plea, the appeal waiver provision was fully explained to her and she indicated that she understood it.  Petitioner's knowing and voluntary waiver of the right to appeal or collaterally attack her sentence precludes any subsequent challenge to her sentence.  See United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998); United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995).

In addition, the Court lacks the authority to grant petitioner the relief she is requesting.  In her § 2255 motion, petitioner states that she "is not challenging her original sentence, she is merely trying to allow the Courts to amend the way in which she serves it." Item No. 21 at 16.  Relief is available under § 2255, however, only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." See United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (citations omitted).  Because petitioner does not challenge the validity of her original sentence, but instead only wants the Court to change it, § 2255 is not applicable.  See

id.; see also United States v. Addonizio, 442 U.S. 178, 187 (1979) (§ 2255 does not allow judges to use hindsight to hand out new sentences); United States v. Springs, 988 F.2d 746, 748 (7th Cir. 1993) (same). Thus, even if the Court were inclined to change petitioner's sentence based on her personal circumstances, it would not have authority under § 2255 to do so.

## CONCLUSION

For the reasons stated, the Court denies petitioner's § 2255 motion. The Clerk of Court shall take all steps necessary to close the case.

The Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right and therefore denies his motion for a certificate of appealability. 28 U.S.C. § 2253(c)(2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith, and therefore denies leave to appeal *in forma pauperis*. Further requests to proceed on appeal *in forma pauperis* must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 16, 2006